IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TONYA ELAINE COOLEY                                                                PLAINTIFF

v.                                      CIVIL NO. 13-5307

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tonya Elaine Cooley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background**:

Plaintiff protectively filed her current application for DIB on August 19, 2011, alleging an inability to work since June 1, 2008, due to a thyroid problem, Graves Disease, "Reno's" Disease, anxiety, depression, panic attacks, borderline personality disorder, obsessiveness, and Lyme Disease. (Tr. 168, 212). For DIB purposes, Plaintiff maintained insured status through December 31, 2010. (Tr. 20, 176). An administrative video hearing was held on July 25, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 62-118).

By written decision dated October 3, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 22). Specifically, the ALJ found Plaintiff had the following severe impairments: hypothyroidism; history of Lyme disease; depressive disorder; and anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found that through the date last insured, Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that she could only do work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved and the supervision required is simple, direct and concrete.

(Tr. 25). With the help of a vocational expert, the ALJ determined that through the date last insured, Plaintiff could perform work as a clerical worker, and a machine tender. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 1, 2013. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 15; Doc. 17).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III.   Discussion:

Plaintiff argues the following issues on appeal:  1) the ALJ erred in failing to give due consideration to Plaintiff's medically documented Raynaud's Syndrome and the limitations caused by Raynaud's in combination with her other impairments in assessing her residual functional capacity, pursuant to SSR 96-8P; 2) the ALJ erred in his assessment of the claimant's RFC which relied upon an inadequate hypothetical that was silent regarding the claimant's limitations in the areas of concentration, persistence and pace; and 3) the Commissioner failed to identify jobs that currently exist in significant numbers in the national economy; and, therefore failed to meet her burden at step five.

#### A.   Insured Status:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B).  Plaintiff last met this requirement on December 31, 2010.  Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of June 1, 2008, her alleged onset date of

disability, through December 31, 2010, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

**B.     Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing she suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

The ALJ clearly considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based

on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments.

    **C.**    **Combination of Impairments:**

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC, he considered "all of the claimant's impairments, including impairments that are not severe." (Tr. 21). The ALJ further found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 23). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

    **D.**    **Subjective Complaints and Credibility Analysis:**

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage,

effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that after Plaintiff's insured status had expired Plaintiff indicated that she was able to take care of her personal needs; to perform some household chores; to work part-time for her spouse performing clerical work; to help take care of her grandmother with help; to drive; to shop; to take pictures of her family at family gatherings; to spend time with others; and to correspond by telephone or computer. There is nothing in the record to suggest that Plaintiff's impairments were any worse during the relevant time period.

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the time period in question. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**E.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes

AO72A
(Rev. 8/82)

medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In finding Plaintiff able to perform sedentary work with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records of her treating and examining physicians, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on her activities that would preclude performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). As noted by the ALJ, the record reveals that Plaintiff had a worsening of her mental impairments in late July of 2011, almost eight months after the expiration of her insured status. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### F. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that prior to the expiration of her insured status, Plaintiff's impairments did not preclude her from performing work as a clerical worker, and a machine tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### G. Whether Jobs Listed Can Be Found In Significant Numbers:

In response to the ALJ's hypothetical question, the vocational expert testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 105). The vocational expert testified that at the sedentary level, the hypothetical person would be able to perform basic unskilled clerical worker jobs. (Tr. 105). The vocational expert gave one example Dictionary of Occupational Titles (DOT) # 249.587-018, noting 580 jobs in the state of Arkansas, and 78,000 jobs in the national economy. (Tr. 105). The vocational expert testified that the hypothetical person could also perform machine tender jobs. (Tr. 106). The vocational expert gave one example, DOT # 692.685-266, noting 225 jobs in the state of Arkansas, and 16,500 in the national economy. (Tr. 106). The vocational expert also testified her testimony was consistent with the DOT. (Tr. 107).

Plaintiff believes the two examples of jobs listed by the vocational expert are obsolete. Plaintiff argues relying on the DOT compromises the entire disability adjudication system because it is outdated. She suggests the SSA should instead use the Occupational Information Network ("O–NET"), a database compiled and continually updated by the Department of Labor. (Pl. Br. 9-10). Plaintiff did not raise her argument that these jobs were obsolete before the ALJ, and O–NET was not referenced in the record.

As Plaintiff points out, the Department of Labor no longer maintains or publishes the DOT, which was last updated in 1991, and O-NET is a more current source of occupational information. See Jordan v. Astrue, 2009 WL 3380979, at *3 n. 1 (D.Neb. Oct. 21, 2009)(citing 67 Fed.Reg. 51752–01). The SSA, however, still relies "primarily on the DOT for information about the requirements of work in the national economy" to make a disability determination. SSR 00–4p. The DOT also appears on the list of publications ALJs can use to take administrative notice of reliable job information, while O–NET is not listed. See C.F.R. § 404.1566(d)(1)-(5). The DOT, despite its age, has not been replaced by O-NET. More importantly, O-NET job descriptions were not discussed at the hearing or referenced in the record, and the Court will not independently consider the information on review. See Reinhart v. Astrue, 2012 WL 811340, at *9 (E.D. Ark. Mar. 12, 2012) (stating an O–NET job description that did not appear in the record would not be considered because the Court was precluded from considering anything outside the certified transcript).

**IV. Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 12th day of March, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)